Note: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**ROBERT BOSCH, LLC,**
*Appellant*

**v.**

**COSTCO WHOLESALE CORPORATION,**
*Appellee*

———————————————

2017-2122, -2123, -2124, -2241

———————————————

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2016-00036, IPR2016-00038, IPR2016-00039, and IPR2016-00040.

-------------------------------------------------------------------------------

**ROBERT BOSCH, LLC,**
*Appellant*

**v.**

**COSTCO WHOLESALE CORPORATION,**
*Appellee*

———————————————

2017-2170

———————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2016-00041.

------------------------------------------------------------------------

## ROBERT BOSCH, LLC,
*Appellant*

**v.**

## COSTCO WHOLESALE CORPORATION,
*Appellee*

————————————

2017-2239

————————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2016-00034.

————————————

**ON MOTION**

————————————

Before LOURIE, REYNA, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Costco Wholesale Corporation moves the court to dismiss 2017-2170 for lack of jurisdiction. Robert Bosch, LLC responds. The court grants the motion.

In 2017-2170, Bosch seeks review of a decision of the Patent Trial and Appeal Board concerning U.S. Patent No. 8,099,823. In the final written decision issued on April 12, 2017, the Board found claims 1, 9, and 10 unpatentable and claim 6 not unpatentable. On May 12,

2017, Costco timely requested rehearing of the Board's decision on claim 6. The Board has not yet issued a decision resolving that rehearing request.

On June 14, 2017, Bosch filed its notice of appeal of the final written decision on claims 1, 9, and 10. Bosch noted that it was aware of the pending request for rehearing and that it filed the notice of appeal "to avoid any possible issue of the timeliness of the appeal if, for example, [Costco] were to withdraw its request for rehearing."

The court agrees with Costco that it lacks jurisdiction over 2017-2170. Because Costco filed a timely request for rehearing of the final written decision, the time to appeal the final written decision has been reset and, therefore, it is not ripe for appeal. *See* 35 U.S.C. § 141(c); 37 C.F.R. § 90.3(b)(1); *Stone v. INS*, 514 U.S. 386, 392 (1995) ("The timely filing of a motion to reconsider renders the underlying order nonfinal for purposes of judicial review.").

Bosch suggests that its appeal is not premature because it concerns only claims that are not subject to the pending rehearing request. But we must reject this argument. A final decision is one that puts an end to the litigation before the Board. *Copelands' Enters., Inc. v. CNV, Inc.*, 887 F.2d 1065, 1068 (Fed. Cir. 1989) (en banc). Such a decision is not rendered until all claims are finally resolved. *See RCN Television, S.A. v. RCN Telecom Servs.*, 416 F. App'x 904, 905 (Fed. Cir. 2011).

The court will, however, grant Bosch's request to stay the related appeals pending the Board's decision.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. 2017-2170 is dismissed.

(2) Each side shall bear its own costs in 2017-2170.

(3) 2017-2239 shall no longer be considered a companion to these appeals. The opening brief is due October 6, 2017.

(4) The revised official caption for 2017-2122, -2123, -2124, -2241 is reflected above.

(5) 2017-2122, -2123, -2124, -2241 are stayed.

(6) Within 14 days of the Board's ruling on Costco's request for rehearing, the parties are ordered to inform the court how they believe 2017-2122, -2123, -2124, -2241 should proceed.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s26

ISSUED AS A MANDATE (as to 2017-2170 only):

September 7, 2017